IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TERESA WILMOT,

    Petitioner,

v.                                          CASE NO. 4:05-cv-00498-MP-WCS

ASSISTANT WARDEN R L GREGG,
CAPTAIN RONALD HORTON,
WARDEN M L RIVERA,
SIS MARLON STANFORD,
GEORGE WILLIAMS,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 19, Report and Recommendation of the Magistrate Judge, recommending that the petition for writ of habeas corpus in this case be granted and Petitioner's disciplinary record be expunged and her gain time restored.  The defendants did not object to the Report and Recommendation.

As discussed more fully in the Report and Recommendation, the Petitioner was found to have violated code 212, engaging in or encouraging others in a group demonstration, and forfeited 27 days of good conduct time.  The disciplinary hearing officer ("DHO") did not personally assess the credibility of the witnesses, instead relying upon the report of the lieutenant that investigated the incident.  The Court agrees with the Magistrate Judge that this violates the rule from <u>Wolff v. McDonnell</u>, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), that deprivation of good time for disciplinary infractions in a state prison required minimal due process.  That is, the prison must provide (1) written notice of the claimed violation at least 24 hours in advance of a hearing, (2) an opportunity to call witnesses and present documentary

evidence if not "unduly hazardous to institutional safety or correctional goals," (3) assistance from a fellow inmate or staff where the complexity of the issue makes it unlikely that the inmate will be able to collect and present necessary evidence, (4) a degree of impartiality of the hearing committee, and (5) a written statement of the factfinders "as to the evidence relied on" and the reasons for their action.  Also, minimal due process also requires that "the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985).

Here, the Court agrees with the Magistrate Judge that because the DHO did not assess the credibility of the accusing witnesses, the written statement of the DHO fails to set forth the evidence relied upon, as required by Wolff, and therefore fails to contain "some evidence" as required by Hill from which the decision may be deduced. The credibility of the missing witnesses has not been independently reviewed by this court, nor could it be since the record is devoid of such evidence.  Accordingly it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge (doc. 19) is adopted, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, is granted.  The disciplinary action shall be expunged from Petitioner's record and the good time credits that were forfeited shall be restored.

**DONE AND ORDERED** this  _10th_   day of October, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge